CR1-153 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-153-CR





TERRY WAYNE HANEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 39,540, HONORABLE STANTON PEMBERTON, JUDGE



 




PER CURIAM


 In a bench trial, the court convicted appellant of the offense of aggravated assault
with a deadly weapon. Tex. Penal Code Ann. § 22.02(a)(4) (1989). Appellant plead "true" to
the enhancement allegation of a prior felony offense of kidnapping, and the court sentenced him
to fifteen years imprisonment. In his single point of error, appellant contends that the evidence
was insufficient to support his conviction. We will affirm the judgment of conviction.

 In the early morning hours on the date of the offense, the sound of people arguing
awakened Elton Hallock, appellant's neighbor at a trailer park. When Hallock arrived on the
scene, he saw appellant with a knife in each hand, blades down, hitting another person, although
he did not see appellant stab the man. Appellant later gave these knives, as well as one from each
back pocket, to Hallock.

 Killeen Police officer Dennis Garrett described the victim's injury as a deep cut
between the thumb and first finger, "a laceration type cut, pretty deep, from the mid-portion of
the inside of the hand to the outer portion of the hand." He recovered four knives from Hallock,
who identified himself as appellant's friend. The officer said that appellant's girlfriend told him
there was no blood on any of the knives because the blood had been washed off. One of the
knives was wet. The officer did not see or find any weapon in the victim's possession. Douglas
Henderson, the victim, later testified that although he was in the habit of carrying a brown pocket
knife, he had lost it.

 Henderson testified that on the night of the offense, he, appellant, and two women
had been out drinking. Henderson discovered appellant and his girlfriend arguing at the trailer
house later during the evening. Henderson tried to calm appellant, who told him to leave. The
victim got into his car. Appellant pulled him out of the car, hit him several times, then went into
the trailer and returned with "something silver" in his hands. According to the victim, appellant
used a knife to stab him between the thumb and forefinger on his left hand as he was holding his
hand up. The victim said that the knife that injured him had serrated edges, as did all of the knives
recovered from appellant. 

 Killeen Police officer Michael Harrison testified that the victim's wound was
defensive in nature. He said that the knives could cause death or serious bodily injury in the way
in which they were used. 

 Appellant testified that he had been out drinking with the victim and the two
women, and then returned home. Appellant was arguing with his girlfriend when the victim
grabbed him. When appellant told the victim to leave, Henderson challenged appellant to "make
him." Appellant hit the victim, who retreated toward his car. Appellant went inside the trailer. 
The victim was outside yelling derogatory remarks. Appellant picked up four kitchen knives, put
two in his hands and two in his back pockets in order to "intimidate" Henderson into leaving. 
Appellant said the victim came out of his car with a knife in his left hand. Appellant dropped
the knife in his right hand, grabbed the victim's left hand and hit him. Appellant hit the victim
with his left hand which still held one knife. Appellant said he never saw a cut on the victim or
tried to use the knife to cut the victim. Appellant suggested that the victim cut himself with his
own knife. 

 Appellant contends that the evidence was insufficient to support his conviction
because the State failed to prove beyond a reasonable doubt that he acted with one of the culpable
mental states alleged in the indictment; i.e., that appellant acted either knowingly or intentionally. 
When we review a challenge to the sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and consider whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Chambers v. State, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986).

 The Penal Code defines "intentionally" and "knowingly" as:


 A person acts intentionally, or with intent, with respect to the nature of his conduct
or to a result of his conduct when it is his conscious objective or desire to engage
in the conduct or cause the result. A person acts knowingly, or with knowledge,
with respect to the nature of his conduct or to circumstances surrounding his
conduct when he is aware of the nature of his conduct or that the circumstances
exist. A person acts knowingly, or with knowledge, with respect to a result of his
conduct when he is aware that his conduct is reasonably certain to cause the result.


Tex. Penal Code Ann. § 6.03(a), (b) (1974). 

 Appellant admits that he struck the victim and that he was carrying four knives to
"intimidate" the victim. Even assuming that appellant consciously intended to hit, not stab,
Henderson when he struck the victim while holding the knife, a rational fact-finder could conclude
beyond a reasonable doubt that he was aware that the conduct of striking a person with a knife in
hand is reasonably certain to cause the result of stabbing or cutting that person. We overrule
appellant's point of error.

 We affirm the judgment of conviction.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: October 23, 1991

[Do Not Publish]